CHRISTOPHER K. ANDERSEN
5024 W FROGS LEAP DR
UNIT 1203
SOUTH JORDAN, UT 84009
TELEPHONE (385) 560-9945
EMAIL: Christopher.k.andersen@gmail.com

FILED
2025 MAR 24
CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTOPHER K. ANDERSEN; Plaintiff, and OLYMPUS AT DAYBREAK, JILLIAN PENMAN, and DOES 1-10, Defendants. | **PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE** Case no. 2:25-cv-00178-RJS Honorable Robert J. Shelby |

**(Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A), and Utah R. Civ. P. 4(d)(5)(B))**

1.  Plaintiff Christopher K. Andersen respectfully moves this Court for an order authorizing alternative service of process on Defendants Olympus at Daybreak, LLC and Jillian Penman in her official capacity by electronic mail. This motion is based on Plaintiff's multiple good-faith but unsuccessful attempts to serve Defendants, the hardship of traditional service under the circumstances, and the regular and documented use of email by Defendants to conduct business and communicate with Plaintiff. This motion is supported by Federal Rule of Civil Procedure 4(e)(1), which permits service pursuant to state law, and Utah Rule of Civil Procedure 4(d)(5)(B), which expressly authorizes service via electronic means.

### I. INTRODUCTION

1.  Defendants Olympus at Daybreak, LLC and its regional manager, Jillian Penman ("Ms. Penman"), have deliberately refused to accept service of process despite receiving two separate

written requests from Plaintiff, with supporting documents and a clear deadline. Defendants, along with their legal counsel (copied on all service requests), have ignored every effort made by Plaintiff to serve them without burdening the parties or the Court with unnecessary expense and delay.

2.      Plaintiff respectfully requests that the Court grant him leave to serve Defendants via the email addresses that Defendants use regularly to conduct business and which were used in prior correspondence with Plaintiff on dozens of occasions during the time that Plaintiff was a tenant at Olympus at Daybreak apartments.

## II. BACKGROUND

1.      On March 11th, 2025, Plaintiff reached out to defendant Olympus at Daybreak requesting the name and address of their registered agent who can receive process of service. Defendant Olympus at Daybreak completely ignored Plaintiffs good faith efforts to facilitate service. (*Please see* "**Exhibit A**" Email Communications to Defendant for Registered Agent Information)

2.      On March 11th, 2025, Plaintiff reached out to defendant Jillian Penman requesting an address where she could receive process of service. Upon information and belief Ms. Penman travels between Texas and Utah. Defendant Jillian Penman completely ignored Plaintiffs good faith efforts to facilitate service. (*Please see* "**Exhibit B**" Email Communications to Defendant Jillian Penman for Appropriate Address to Receive Process of Service)

3.      On March 13, 2025, the Clerk of Court issued summonses to Olympus at Daybreak, LLC and Jillian Penman following the filing of Plaintiff's Complaint.

4.      On March 13, 2025, after receiving the issued summonses from the Clerk of Court, Plaintiff made formal written requests via email for Defendants to voluntarily accept service of process. The following communications occurred:

A. At 3:20 PM on March 13, 2025, Plaintiff emailed Defendant Ms. Penman at *jillian.penman@olympusproperty.com*, attaching the summons and complaint. Plaintiff requested that Ms. Penman voluntarily accept service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. Plaintiff also CC'd Defendants' legal counsel, Nick Lloyd and Dave Todd of Titan Legal. (*Please see* "**Exhibit C**" Email Communications to Defendant Jillian Penman for Acceptance of Service)

B. At 3:37 PM on March 13, 2025, Plaintiff emailed the leasing office of Olympus at Daybreak at *daybreak@olympusproperty.com*, and also sent the same documents to staff members Carmin Pebley (*carmin.pebley@olympusproperty.com*) and Oliver C. (*oliver.c@olympusproperty-leasing.com*). These individuals were known to Plaintiff through previous communications regarding his tenancy. Plaintiff also CC'd Defendants' legal counsel, Nick Lloyd and Dave Todd of Titan Legal. (*Please see* "**Exhibit D**" Email Communications to Defendant Olympus at Daybreak for Acceptance of Service)

3. Plaintiff requested a response by March 17, 2025 regarding an acceptance of service. No response was received from any party.

4. On March 20, 2025, Plaintiff sent a second request for acceptance of service to all the same parties. In that message, Plaintiff explained that due to Defendants' unlawful eviction of him, he had been forced to use all his personal savings to secure emergency housing for himself and his family. Plaintiff explained that he could not afford to pay for a process server and requested, once again, that Defendants accept service by email. Once again, Plaintiff's request was ignored.

6. Despite being given ample opportunity and receiving actual notice of the lawsuit—including service attempts copied to legal counsel—Defendants have failed to respond or engage

with Plaintiff in any way. This is consistent with their bad faith behavior towards Plaintiff since him moving into the apartment complex.

### III. LEGAL STANDARD

1. Under Federal Rule of Civil Procedure 4(e)(1), service on individuals may be accomplished "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located."

2. Similarly, Rule 4(h)(1)(A) provides that service on corporations, partnerships, or associations may be made in accordance with Rule 4(e)(1) for serving an individual.

3. Pursuant to Utah Rule of Civil Procedure 4(d)(5)(B), service may be completed "by electronic means if the person to be served regularly uses that method of communication for business or personal purposes and service is reasonably calculated to be effective."

4. Additionally, courts have recognized that Federal Rule of Civil Procedure 4(f)(3)—while focused on foreign defendants—authorizes alternative service by any means not prohibited by international agreement when traditional service is impracticable and the method proposed is reasonably calculated to provide notice. *Kindly see* Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002) (approving email service when defendant evaded service and email was the most reliable method of contact).

### IV. ARGUMENT

**1. Plaintiff Has Exercised Diligence in Attempting Traditional Service**

A. Plaintiff has made two documented attempts to get both Defendants registered agents' information and defendant Jillian Penman address to effectuate service. Despite this, Defendants—along with their attorneys—have entirely ignored Plaintiff's good faith efforts.

B. Plaintiff has made two documented attempts via email, both on March 13 and March 20, 2025. These attempts included a full copy of the filed Complaint and issued Summons. Plaintiff explicitly requested that Defendants accept service to avoid unnecessary costs under Rule 4(d). Despite this, Defendants—along with their attorneys—have entirely ignored Plaintiff's efforts.

**2.   Defendants Regularly Use the Email Addresses Proposed for Service**

A. The email addresses in question were used by Olympus at Daybreak and its agents throughout Plaintiff's tenancy. Ms. Penman regularly corresponded with Plaintiff at *jillian.penman@olympusproperty.com*, and Olympus leasing staff—including Carmin Pebley and Oliver C.—communicated from their official Olympus emails. These emails are still active and in use and are thus reasonably calculated to provide actual notice.

**3.   Plaintiff Cannot Afford Traditional Service Due to Defendants' Unlawful Conduct**

A. Plaintiff's inability to afford traditional service (even if he knew where to serve their registered agent at and where Ms. Penman can be found to receive process of service, which he does not) is a direct consequence of Defendants' unlawful eviction[1], which forced Plaintiff to expend his savings on emergency housing. Federal courts have recognized that financial hardship, when supported by evidence of diligent efforts to serve, can justify alternative service.

---

[1] On or about March 13th 2025, Defendants initiated an unlawful detainer action in Utah state court in case no. 250902052 against Plaintiff. This filing was made despite Plaintiff having previously provided written notice to Defendants of his intent to vacate, including a specific move-out date. Plaintiff contends that the unlawful detainer action was filed in direct retaliation for his commencement of this federal action, and has accordingly filed a motion for sanctions in the state court proceeding.

Moreover, the Complaint filed by Defendants in the unlawful detainer action contains documentation indicating that the property in question is subject to the federal Coronavirus Aid, Relief, and Economic Security (CARES) Act. As such, Plaintiff was legally entitled to a minimum of 30 days' notice prior to eviction. Instead, Defendants served Plaintiff with an unlawful three-day notice to vacate, in violation of 15 U.S.C. § 9058(c). Plaintiff intends to amend the Complaint in this matter to assert a cause of action under the CARES Act for this statutory violation.

These events further illustrate Defendants' pattern of retaliatory, unlawful, and bad faith conduct in connection with both the tenancy and this litigation.

B.    In *Martinez v. Unknown DHS Agent*, No. 2:18-CV-01823, 2019 WL 3220421, at *1 (D. Utah July 17, 2019)*, the court granted alternative service where a pro se plaintiff could not afford a process server and had made multiple good-faith attempts to serve the defendant. The court found that "[p]ersonal service is not required where a plaintiff diligently attempts service and alternative methods are reasonably calculated to give notice."

C.    Similarly, in *Cordell v. Pacific Indemnity Co.*, 335 F.R.D. 401, 406 (D. Colo. 2020), the court approved alternative service in part because requiring traditional service would impose "undue burden or expense" on the plaintiff.

D.    Given Plaintiff's financial condition and the futility of further attempts at traditional service, electronic service is warranted and satisfies both Rule 4(e)(1) and constitutional due process.

**4.    Email Service Satisfies Due Process and Is Reasonably Calculated to Provide Notice**

A.    Service by email satisfies due process where it is reasonably calculated to provide actual notice to the defendant under the circumstances. The Supreme Court has long held that the touchstone of constitutionally adequate service is whether it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

B.    Federal courts have routinely upheld email service when the recipient uses the email address regularly for business, especially when the defendant is evading or refusing service. See *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (approving email service where the defendant used email as its principal means of communication and evaded personal service); *Martinez v. Unknown DHS Agent*, No. 2:18-CV-01823, 2019 WL 3220421, at *1 (D. Utah July 17, 2019) (authorizing email service where defendant ignored prior service

attempts and email was likely to reach them).

C. In this case, the proposed service email addresses are not personal or obscure. They are business emails actively and routinely used by both Olympus at Daybreak, LLC and its regional manager, Jillian Penman. These addresses were used consistently throughout Plaintiff's tenancy and were the primary means through which Defendants communicated with tenants and prospective residents. These are work-issued emails monitored daily during business hours in the regular course of business.

D. Further, the emails sent by Plaintiff on March 13 and March 20, 2025, attaching the summons and complaint, were directed to those exact addresses. Defendants received those communications, and their lack of response does not negate the reliability of the method, but rather reinforces their refusal to cooperate or engage in good faith.

E. Because these are official business addresses used by Defendants in the scope of their duties and operations, and because prior communications have successfully reached them via those addresses, service by email is not only permissible but optimal under the circumstances.

## V. REQUEST FOR RELIEF

1. For the foregoing reasons, Plaintiff respectfully requests that the Court issue an order permitting alternative service of the summons and complaint via electronic mail upon:

A. **Olympus at Daybreak, LLC** via:

daybreak@olympusproperty.com

carmin.pebley@olympusproperty.com

and,

B. **Jillian Penman** via:

jillian.penman@olympusproperty.com

2.       Plaintiff also respectfully requests that service be deemed complete upon transmission and that the Court grant such other and further relief as it deems just and proper.

**Dated:** March 24th 2025

**By:**

**/s/Christopher K. Andersen**
5024 W Frogs Leap Dr, 1203
South Jordan, Utah 84009
385-560-9945
Christopher.k.andersen@gmail.com
**Plaintiff, Pro Se**

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2025, I caused a true and correct copy of the foregoing: **PLAINTIFFS MOTION FOR ALTERNATIVE SERVICE** to be served via electronic mail to the following individuals at the email addresses regularly used by them for business communication and at which they have previously corresponded with Plaintiff:

**1.     Olympus at Daybreak, LLC**

daybreak@olympusproperty.com

carmin.pebley@olympusproperty.com

**2.     Jillian Penman**

jillian.penman@olympusproperty.com

And,

**3.     Defendants' Legal Counsel**

Nick Lloyd – nick@titanlegal.com

Dave Todd – dave@titanlegal.com

I declare under penalty of perjury that the foregoing is true and correct.

**Dated:** March 24th 2025


**By:**
**/s/Christopher K. Andersen**
5024 W Frogs Leap Dr, 1203
South Jordan, Utah 84009
385-560-9945
Christopher.k.andersen@gmail.com
**Plaintiff, Pro Se**