# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **CHRISTOPHER K. ANDERSEN,**<br><br>Plaintiff,<br><br>v.<br><br>**OLYMPUS AT DAYBREAK, JILLIAN PENMAN, and DOES 1-10,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:25-cv-00178-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Chief District Judge Robert J. Shelby referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Christopher K. Andersen's ("Mr. Andersen") motion for alternative service.[2] Based upon the analysis set forth below, the court denies Mr. Andersen's motion.

## BACKGROUND

Soon after filing his complaint, Mr. Andersen sent an email to Defendant Olympus at Daybreak ("Olympus") requesting the name and address of its registered agent for service of process.[3] Mr. Andersen also sent an email to Defendant Jillian Penman ("Ms. Penman")

---

[1] ECF No. 12.

[2] ECF No. 10.

[3] ECF No. 10-1.

requesting her address for service of process.[4] Mr. Andersen contends that he did not receive a response to either of those emails.

Mr. Andersen then sent an email to Olympus—with a summons and the complaint attached—requesting that that Olympus accept service.[5] Mr. Andersen sent the same email to Ms. Penman.[6] Mr. Andersen asserts that he did not receive a response to either of those emails. Consequently, Mr. Andersen sent a second email to Olympus requesting that it accept service[7] and a second email to Ms. Penman requesting that she accept service.[8] Mr. Andersen maintains that he again did not receive a response to either of those emails.

Mr. Andersen now moves for permission to serve Olympus and Ms. Penman by email.[9] Mr. Andersen asserts that service by email is proper because Defendants "have deliberately refused to accept service of process."[10]

## ANALYSIS

As demonstrated below, the court: (I) denies Mr. Andersen's motion for alternative service, and (II) extends the deadline for Mr. Andersen serve Olympus and Ms. Penman by 60 days. Each issue is addressed in turn.

---

[4] ECF No. 10-2.

[5] ECF No. 10-4.

[6] ECF No. 10-3.

[7] ECF No. 10-4.

[8] ECF No. 10-3.

[9] ECF No. 10.

[10] *Id*. at 1.

### I. The Court Denies Mr. Andersen's Motion for Alternative Service.

The court denies Mr. Andersen's motion for alternative service. Service on an entity, such as Olympus, is governed by Fed. R. Civ. P. 4(h)(1), which provides that an entity "must be served . . . in a judicial district of the United States" in one of two ways. One of those avenues is to serve the entity "in the manner prescribed by [Fed. R. Civ. P.] 4(e)(1) for serving an individual."[11] Service on an individual, such as Ms. Penman, is governed by Fed. R. Civ. P. 4(e), which provides several ways to accomplish service, including the method described in Fed. R. Civ. P. 4(e)(1). Because Mr. Andersen's motion focuses on the method of service under Fed. R. Civ. P. 4(e)(1) for both Olympus and Ms. Penman, the court addresses only that method.[12]

Fed. R. Civ. P. 4(e)(1) provides that an individual "may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Thus, the court looks to Utah R. Civ. P. 4 to determine whether Mr. Andersen may serve Olympus and Ms. Penman by alternative means. The relevant portion of that rule provides:

> If the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, if service upon all of the individual parties is impracticable under the circumstances, or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means. An affidavit or declaration supporting the motion must set forth the efforts made to identify, locate, and serve the party, or the circumstances that make it impracticable to serve all of the individual parties.[13]

---

[11] Fed. R. Civ. P. 4(h)(1)(A).

[12] Mr. Andersen makes a passing reference to Fed. R. Civ. P. 4(f)(3) as a basis for his request for alternative service, ECF No. 10 at 4, but that provision applies only to service in a foreign country. Thus, that provision is inapplicable to Mr. Andersen's motion.

[13] Utah R. Civ. P. 4(d)(5)(A).

"A determination of reasonable diligence . . . focuses on the *plaintiff's* efforts to locate the defendant. Relevant factors may include the number of potential defendants involved, the projected expense of searching for them, and the number and type of sources of available information regarding their possible whereabouts . . . ."[14] "The reasonable diligence standard does not require a plaintiff to exhaust all possibilities to locate and serve a defendant. It does, however, require more than perfunctory performance."[15]

> To meet the reasonable diligence requirement, a plaintiff must take advantage of readily available sources of relevant information. A plaintiff who focuses on only one or two sources, while turning a blind eye to the existence of other available sources, falls short of this standard. . . . Advances in technology, such as the Internet, have made even nationwide searches for known individuals relatively quick and inexpensive.[16]

Mr. Andersen fails to establish that he was reasonably diligent in his service attempts. Other than sending emails to Olympus and Ms. Penman, Mr. Andersen has not engaged in any other efforts to serve those parties. Further, Mr. Andersen fails to allege that has taken advantage of readily available sources of information—such as the Internet—to locate Olympus and Ms. Penman. Although the court acknowledges the costs[17] and effort involved with service of

---

[14] *Jackson Constr. Co. v. Marrs*, 100 P.3d 1211, 1216 (Utah 2004) (emphasis in original).

[15] *Id.* at 1217 (quotations and citation omitted).

[16] *Id.*

[17] Mr. Andersen argues that he cannot afford traditional service and cites two cases for the proposition that "[f]ederal courts have recognized that financial hardship, when supported by evidence of diligent efforts to serve, can justify alternative service." ECF No. 10 at 5-6. The court rejects that argument because, first, Mr. Andersen fails to support it with anything other than conclusory statements. Second, the court is unable to locate the cases that Mr. Andersen has cited, which calls into question his compliance with Fed. R. Civ. P. 11. Importantly, that is an issue that has already been raised by Chief Judge Shelby in his recent Memorandum Decision and Order denying Mr. Andersen's amended motion for temporary restraining order and order to

process, due process requires more than what Mr. Andersen has done before authorizing service by email. Because Mr. Andersen fails to establish that he was reasonably diligent in his service attempts, the court denies his motion for alternative service.[18]

### II. The Court Extends the Deadline for Mr. Andersen to Serve Olympus and Ms. Penman by 60 Days.

Mr. Andersen's complaint was filed on March 10, 2025.[19] Under Fed. R. Civ. P. 4(m), Mr. Andersen has 90 days from that date (i.e., until June 9, 2025) to serve Olympus and Ms. Penman. Because that deadline is approaching, and because Mr. Andersen has engaged in some service efforts, the court, for good cause, extends the deadline for service under Fed. R. Civ. P. 4(m) by 60 days (i.e., to August 8, 2025).

**ORDER**

For the reasons stated above, the court HEREBY ORDERS:

1. Mr. Andersen's motion for alternative service[20] is DENIED.

---

show cause. ECF No. 17. In that Memorandum Decision and Order, Chief Judge Shelby noted that Mr. Andersen had included a case quotation in his motion that did not exist. *Id*. at 4. Consequently, Chief Judge Shelby indicated that he had "serious concerns about the resources [Mr.] Andersen consulted when drafting his materials" and that "any further instances of misquotations or other deceits upon the court will result in sanctions under [Fed. R. Civ. P.] 11." *Id*. at 4-5. This court shares Chief Judge Shelby's concerns because Mr. Andersen has engaged in the same conduct in his motion for alternative service by citing to nonexistent cases. ECF No. 10 at 6. This court reiterates to Mr. Andersen that any further instances of such conduct will result in sanctions under Fed. R. Civ. P. 11.

[18] The court acknowledges that Mr. Andersen did not submit an affidavit or a declaration supporting his motion as required by Utah R. Civ. P. 4(d)(5)(A). Nevertheless, the court need not address that issue because, even if he had submitted such an affidavit or a declaration, the court would still deny his motion based on his failure to establish reasonable diligence.

[19] ECF No. 1.

[20] ECF No. 10.

2.       The deadline for Mr. Andersen to serve Olympus and Ms. Penman is extended by 60 days (i.e., to August 8, 2025).

IT IS SO ORDERED.

DATED this 30th day of May 2025.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge
